IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE,
AT NASHVILLE

| | |
|---|---|
| JIM R. TRAMEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO. 3:13-0658 |
| ) | JURY DEMAND |
| RUTHERFORD COUNTY SHERIFF'S ) | JUDGE CAMPBELL |
| DEPARTMENT, ROBERT ARNOLD, ) | MAGISTRATE JUDGE GRIFFIN |
| RUTHERFORD COUNTY SHERIFF, and ) | |
| RUTHERFORD COUNTY, TENNESSEE, ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER # 1

Pursuant to Rule 16.01(d)(2) of the Local Rules of Court, the Parties submit the following Case Management Plan and Proposed Order. The parties have conferred in good faith on the scheduling dates and have submitted dates proposed by Plaintiff and by Defendants where agreement could not be reached for further discussion at the Case Management Conference.

1. **Jurisdiction**

This Court has subject matter jurisdiction of the federal claims in this matter, pursuant to 20 USC §§ 1331 and 1343. Venue is proper pursuant to 28 USC § 1391. This Court has supplemental jurisdiction for the Plaintiff's statutory Public Employee Freedom Act of 1980 (PEPFA at T.C.A. §8-50-601) claim pursuant to 28 USC §1368. Jurisdiction is not disputed.

2. **Status of Service of Process**

The Plaintiff's original Complaint was filed on July 3, 2013. All Defendants have been served with process.

3. **Status of Responsive Pleadings**

The Defendants have not yet filed their Answers. The Defendants have filed a Motion to Dismiss and Memorandum in Support which are pending. The Plaintiff filed a response on August 30, 2013.

4. **Issues in Dispute**

All issues regarding liability and damages are in dispute.

5. **Limitations on Discovery.**

A. Staging and timing.

The Parties propose the following schedule for discovery:

(1) Initial Disclosures: The defendants shall serve their Fed.R.Civ.P. 26(a)(2) initial disclosures by September 10, 2013;

(2) Fact Discovery may begin after the Initial Conference on August 26, 2013. Discovery is not stayed during dispositive motions, unless ordered by the Court. No motions concerning discovery are to be filed until the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference call with the Magistrate Judge.

(3) All written discovery shall be served and responded to and all anticipated depositions of fact and party witnesses shall be completed no later than February 28, 2014.

(4) The Plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 17, 2014. The Defendants shall identify and disclose all expert witnesses and reports on or before February 18, 2014. Depositions of expert witnesses shall be completed no later than April 2, 2014.

(5) Local Rule 33.01(b) is expanded to allow forty (40) Interrogatories, including subparts.

B.  E-Discovery

The Parties have not yet reached an agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 shall apply to this case until such time, if ever, the parties reach an agreement as to electronic discovery.

C.  Dispositive Motions.

Briefs, including responses and replies, shall not exceed twenty-five (25) pages. Following the close of the discovery deadline, the parties anticipate filing dispositive motions. Dispositive motions shall be filed no later than May 12, 2014. Responses to dispositive motions must be filed within 30 days of the filing of the motion, and replies, if any, must be filed within fourteen (14) days of the response.

6.  **Projected Length of Trial**

The parties and estimate a trial length of three to four (3-4) days.

7.  **Settlement**

The parties have not yet discussed settlement. At the present, the parties do not anticipate the need for a Settlement Conference. However, in the event a Conference becomes necessary, either party may request a Settlement Conference.

-The parties will confer regarding whether Alternative Dispute Resolution techniques are appropriate.

8.     **Special Procedures**

The parties do not anticipate the need for any special procedures at this time.

9.     **Amendment to the Pleadings**

The parties do not anticipate additional parties being added to the litigation. The deadline for filing a motion to amend the pleadings shall be February 18, 2014.

10.    **Formulation and Simplification of Issues and Each Party's Theory of the Case**

A.     **Plaintiff's Theory of the Case:**

The Plaintiff was hired by the Rutherford County Sheriff's Department on December 16, 1997. He worked as a deputy, School Resource Officer, and was promoted to Detective in April 2006. He was a detective until he was fired on June 14, 2013.

Throughout his tenure as a detective, the Plaintiff did not have any disciplinary nor any job related complaints. He was an exemplary employee and received several commendations, including one on March 15, 2013, two (2) months before his termination.

On May 13, 2013, during a meeting requested by Defendant Sheriff Arnold in the Sheriff's private office, the Plaintiff was questioned by Defendant Arnold as to whether he intended to run against Defendant Arnold for the elected position of Sheriff of Rutherford County in 2014. The Plaintiff confirmed that the rumors of him running against Defendant Arnold for Sheriff in 2014 were true. During that meeting, Defendant Arnold made it clear to the Plaintiff that Defendant Arnold had plenty of campaign money and political support, and that he intended to win the political race. The Plaintiff felt that his continued employment with the

Defendant Rutherford County Sheriff's Department was in jeopardy at the conclusion of that meeting.

The next day, the Plaintiff was again questioned by the Defendant Sheriff regarding his decision run for Sheriff, and advised that he would no longer be employed at the Defendant Rutherford County Sheriff's Department if he did so. The Defendant Sheriff advised the Plaintiff that he would be transferred to another Department outside of law enforcement if he ran for Sheriff. The Plaintiff protested to the Defendant Sheriff that he did not want his career with the Defendant Rutherford County Sheriff's Department to end just because he decided to enter a political campaign.

The Plaintiff contacted the Rutherford County Mayor to advise of the threat the Defendant Sheriff had made against the Plaintiff's job if he ran for Sheriff. The Mayor told the Plaintiff that he was unaware of any position in the County that the Plaintiff could be transferred to.

In the over fifteen (15) years the Plaintiff had been employed by Defendant Sheriff's Department, he had never been the subject of an Internal Affairs investigation. However, after advising the Defendant Sheriff that he was going to run against him for election, an Internal Affairs investigation was initiated. During the investigation, Lieutenant Pagel advised the Plaintiff that "there is a big old target on you." This statement was in direct reference to the Plaintiff advising the Defendant Sheriff that he was running for the political position of Sheriff in 2014.

On June 3, 2013, the Plaintiff was advised by one of his supervisors, Captain Hailey, that he had heard rumors that the Plaintiff was no longer a team player and that his attitude had changed." The Plaintiff denied the rumors, and in response told the Captain that the Plaintiff had

heard rumors about him regarding issues from a Christmas party and another issue from a few years ago. On June 4, 2013, Lieutenant Pagel interviewed the Plaintiff regarding an Internal Affairs investigation against him, even though the Plaintiff was not advised as to why there was such an investigation ongoing. On June 5, 2013, the Plaintiff was summoned to the office of Major Sharp and questioned about the rumors he had heard regarding Captain Hailey. On June 6, 2013, Major Sharp advised the Plaintiff that Deputy Chief Garrett required a written statement from the Plaintiff regarding his conversation with Captain Hailey and the rumors he heard about Captain Hailey several months earlier. The Plaintiff submitted his report to Major Sharp at approximately 11:45 a.m. At 4:00 p.m., Major Sharp summoned the Plaintiff to his office and handed him disciplinary documents advising that he was being transferred to another division for "Failure to Maintain Satisfactory and Harmonious Working Relationship with Fellow Employees." The Plaintiff signed the document indicating he understood he could appeal the recommendation for transfer within five (5) days.

Prior to advising Defendant Arnold that he was going to run for the political office of Sheriff, the Plaintiff had not been the subject of any disciplinary action by the Defendants. After advising the Defendant Sheriff on May 13 that he was running for Sheriff, within three (3) weeks, the Plaintiff had been subject of an Internal Affairs investigation, been called into two (2) separate supervisors' offices for disciplinary discussions, and was being transferred. The disciplinary action to transfer the Plaintiff was in retaliation for advising Defendant Sheriff Arnold that he was running for the political office of Sheriff.

The same day, June 6, at approximately 5:00 p.m., after the Plaintiff had gone home for the day, he was contacted and ordered to return to the Sheriff's Department. Upon returning to the Sheriff's Department, the Plaintiff was handed another document with the same "Report of

6

Action", but with a change on the second page. A hand-written statement indicating a "violation of SOP No. 617" was added and signed by Chief Garrett. The document now included the additional signature of Deputy Chief Gammon in which he disagreed with the recommendation of termination followed by the signature of Chief Deputy Garrett, in which he agreed with the recommendation of transfer. Plaintiff Tramel was asked if he wanted to sign the document again, and he declined. Plaintiff Tramel was then advised that he was now being terminated. No other explanation was given to him. The Major then made the Plaintiff surrender his commission card, badge, weapon, and he was followed home by two (2) officers who immediately took possession of his detective's vehicle and all of his equipment.

On June 7, 2013, the Plaintiff contacted the Rutherford County Mayor and the Human Resources Department for Rutherford County regarding any documentation or explanation for his termination. None could be found.

On Thursday, June 13, 2013, a private meeting was held with Rutherford County's eight (8) Constitutional Officers, including Defendant Sheriff Arnold, at the County Attorney's office, with the Rutherford County Human Resource Director and Deputy to the Mayor attending. After the meeting, Defendant Sheriff Arnold stated that while he cannot fire someone for running against him or for political reasons, he can terminate an employee if that employee is bad-mouthing the Sheriff in public.

On Friday, June 14, 2013, Defendant Sheriff Arnold hand delivered a letter to Plaintiff Tramel advising him that he was terminated for violation of Standard Operating Procedure No. 617, (Sexual Harassment). The Plaintiff was never accused of sexual harassment.

Even though Plaintiff Tramel did not have any disciplinary actions against him for fifteen and one-half (15 ½) years of his employment with Defendant Rutherford County Sheriff's

Department, within approximately thirty (30) days of him confirming to Defendant Sheriff Arnold that he was going to run for the political position of Sheriff, the Plaintiff was fired.

B. **Defendants' Theory of the Case**

The employees within the Sheriff's Department are employees "at will" and can be hired, fired, demoted or promoted in the discretion of the Sheriff's office as long as it is not for an illegally discriminatory reason. The Plaintiff was terminated for violating Policy No. 617. Violation of this Policy created a legitimate and non-discriminatory basis for his termination. The Plaintiff's termination had nothing to do with his expression of intent to run for Sheriff. The termination occurred through the typical protocols within the Sheriff's Department. The Plaintiff had a five (5) day appeal period, but failed to appeal. To that end, he failed to exhaust the administrative remedies.

ENTER on this the ___ day of August, 2013.

ACCORDINGLY, IT IS SO ORDERED.

_____
MAGISTRATE JUDGE JULIET GRIFFIN

APPROVED FOR ENTRY:


*/s/ Terry A. Fann*
TERRY A. FANN, BPR #12968
BENJAMIN L. PARSLEY, III, BPR #26888
Attorneys for Plaintiff
WALDRON, FANN & PARSLEY
202 W. Main Street
Murfreesboro, TN 37130
(615) 890-7365
tfann@bellsouth.net
bpars3@comcast.net



*/s/ Josh A. McCreary*
JOSH A. MC CREARY, BPR #19498
THOMAS S. SANTEL, BPR #23876
Attorneys for Defendant
16 Public Square North
Post Office Box 884
Murfreesboro, TN 37130
(615) 893-5522
jmccreary@mborolaw.com
tsantel@mborolaw.com