IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JIM R. TRAMEL | ) | |
| | ) | |
| v. | ) | NO. 3:13-0658 |
| | ) | |
| RUTHERFORD COUNTY, et al. | ) | |

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMENDATION

By Order entered October 3, 2013 (Docket Entry No. 25), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636, for a report and recommendation on the Defendants' Motion to Dismiss the Amended Complaint (Docket Entry No. 20).

After consideration of the Motion to Dismiss, the Plaintiff's Response in Opposition (Docket Entry No. 23), and the Defendants' Reply (Docket Entry No. 24), the Court recommends that the Motion to Dismiss be DENIED.

## I. BACKGROUND[1]

The Plaintiff, a citizen of Rutherford County, Tennessee, brought this action on July 3, 2013, against Rutherford County, Tennessee ("Rutherford County"), the Rutherford County Sheriff's Department ("Sheriff's Department"), and Robert Arnold ("Arnold"), the current Sheriff of

---

[1] The background facts are summarized from the Plaintiff's Amended Complaint and are construed in the light most favorable to the Plaintiff.

Rutherford County. The Plaintiff subsequently filed an Amended Complaint (Docket Entry No. 14) completely supplanting the original complaint.

The Plaintiff is a former detective of the Sheriff's Department who was terminated from his employment on June 14, 2013. He had worked for the Sheriff's Department since December 1997, and alleges that he had no disciplinary actions or job related complaints against him until Sheriff Arnold learned that the Plaintiff was thinking about running in opposition to Arnold for the Sheriff's position in the 2014 election. The Plaintiff alleges that he was summoned to a meeting with Arnold on May 13, 2013, at which time he was questioned about whether he intended to run for the position of Sheriff. The Plaintiff affirmed that he was thinking of running for Sheriff in the election and the two men discussed issues pertaining to the election and the manner in which the Sheriff's Department was being operated. The Plaintiff alleges that he was summoned to meet with Arnold the next day, at which time Arnold advised the Plaintiff, as well as another detective who had expressed interest in running for Sheriff, that they would be reassigned out of the Sheriff's Department into another department with Rutherford County if they ran for Sheriff. See Amended Complaint, at 2-8.

The Plaintiff alleges that, within a few weeks of these meetings, he was required to meet with his supervisors on two occasions about his job performance and about rumors, that an internal affairs investigation about him was initiated, that he was given a Report of Action on June 6, 2013, advising him that disciplinary action was being taken against him and he was being transferred out of the Criminal Investigations Division, that later that same day he was given a revised Report of Action stating that he was being terminated, and that he was later given a letter and separation notice on June 14, 2013, stating that he was terminated. Id. at 9-15. Based upon these events, the Plaintiff

brings a claim under 42 U.S.C. § 1983 contending that he was terminated as retaliation in violation of his First and Fourteenth Amendment rights. He also asserts a state law claim that he was unlawfully disciplined and terminated in violation of Tennessee's Public Employee Political Freedom Act of 1980 ("PEPFA"), Tenn. Code Ann. §§ 8-50-601 et seq. The Plaintiff seeks compensatory damages, punitive damages, treble damages, and injunctive relief. Id. at 19-25.

In their motion to dismiss, the Defendants contend that the Amended Complaint must be dismissed because the Plaintiff failed to exhaust available administrative remedies. See Docket Entry No. 21, at 6. They assert that internal policies at the Sheriff's Department provided the Plaintiff with an opportunity to appeal the Report of Action issued to him and his termination but that he chose not to pursue this remedy. The Defendants argue that the Plaintiff has not pled allegations sufficient to rise to the level of futility or any other basis upon which to avoid the exhaustion of remedies doctrine. Id. at 11. This is the sole ground for dismissal raised in the motion.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic

3

recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).

### III. ANALYSIS

The Court finds no merit in the Defendants' motion. The Defendants concede that there is no applicable statutory requirement mandating exhaustion of administrative remedies for the claims raised by the Plaintiff and that principles of comity toward the state courts do not apply. See Docket Entry No. 20, at 8. Instead, the Defendants appear to argue that the Court should, as a matter of discretion, require that the Plaintiff have pursued administrative remedies prior to bringing his claims or require that the Plaintiff plead facts showing the futility of administrative exhaustion. Id. at 6 and 8-11. The Court is unpersuaded by this argument.

It is settled law that a plaintiff pursuing a claim brought under 42 U.S.C. § 1983 for a violation of his civil rights is not required to exhaust administrative remedies as a prerequisite to bringing an action under Section 1983. See Porter v. Nussle, 534 U.S. 516, 523, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Patsy v. Bd. of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); McNeese v. Board of Educ., 373 U.S. 668, 672, 83 S.Ct. 1433, 1435, 10 L.Ed.2d 622, 625 (1963); Wal Juice Bar, Inc. v. City of Oak Grove, Ky., 211 F. App'x 358, 360 (6th Cir. 2006); Riggs v. Commonwealth of Ky., 734 F.2d 262, 263 n.1 (6th Cir. 1984); Loudermill v. Cleveland Bd. Of Educ., 721 F.2d 550, 555 (6th Cir. 1983). This principle has been specifically applied in the context of Section 1983 lawsuits brought by plaintiffs who claim retaliation because of the exercise of their First Amendment rights. See Wilbur v. Harris, 53 F.3d 542, 544-45 (2d Cir. 1995); Kercado-Melendez v. Aponte-Roque, 829 F.2d 255, 260 (1st Cir. 1987); Holley v. Seminole Cnty. Sch. Dist., 755 F.2d 1492, 1501 (11th Cir. 1985); Hochman v. Board of Educ. of City of Newark, 534 F.2d 1094, 1097 (3d Cir. 1976); Farmer v. Tennessee Dep't of Safety, 2008 WL 820017, *2 (E.D. Tenn. Mar. 25, 2008) ("Exhausting his state administrative remedies was not a prerequisite to bringing his § 1983 claim.").

The Defendants have pointed the Court to cases that require administrative exhaustion in a variety of situations. However, these cases are factually and legally distinguishable from the facts and claims raised in the instant action and are unpersuasive.[2] More importantly, the Defendants have

---

[2] The Court notes that the Defendants rely heavily on Bailey v. Blount Cnty. Bd. Of Educ., 303 S.W.3d 216 (Tenn. 2010), as support for their motion. However, Bailey did not involve a lawsuit brought in federal court under 42 U.S.C. § 1983. Further, a close reading of the case reveals that the Tennessee Supreme Court's discussion of the exhaustion of administrative remedies was directed only at the procedural due process claim brought by the plaintiff in that action and not at the First Amendment claim raised by the plaintiff.

not shown any legal basis compelling the Court to depart from the established case law set out supra which holds that a plaintiff pursuing constitutional claims in a lawsuit brought under Section 1983 is not required to pursue administrative remedies prior to filing a lawsuit.

## R E C O M M E N D A T I O N

For the reasons set out herein, the Court respectfully RECOMMENDS that the Defendants' Motion to Dismiss the Amended Complaint (Docket Entry No. 20) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge