IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JIM R. TRAMEL )
 )
v. ) NO. 3-13-0658
 ) JUDGE CAMPBELL
RUTHERFORD COUNTY, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 39). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff was an employee with the Rutherford County Sheriff's Department for more than fifteen years. He claims that, during that tenure, he was never the subject of any formal disciplinary actions. Plaintiff claims that, in 2011, Defendants retaliated against him because Plaintiff expressed an interest in running for sheriff against the current sheriff, Defendant Arnold, and because Plaintiff made public statements concerning problems and issues in the sheriff's department.

Plaintiff's Amended Complaint sets forth claims for violations of his First Amendment rights and a statutory claim pursuant to the Public Employee Political Freedom Act of 1980 ("PEPFA").[1] Defendants have moved for summary judgment, arguing that they had a legitimate, nondiscriminatory reason to terminate Plaintiff's employment and that Plaintiff cannot show that the reason was pretext for First Amendment retaliation.

---

[1] The Court does not interpret Plaintiff's Amended Complaint as setting forth a political patronage dismissal claim (*Greenwell v. Parsley*, 541 F.3d 401(6th Cir. 2008)).

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FIRST AMENDMENT RETALIATION

When a citizen enters government service, he by necessity must accept certain limitations on his freedom. *Handy-Clay v. City of Memphis, Tennessee*, 695 F.3d 531, 539 (6th Cir. 2012). Public employees do not forfeit all their First Amendment rights, however, simply because they are

2

employed by the government. *Id*. To prevail on his retaliation claim, Plaintiff must establish (1) that he was engaged in constitutionally protected conduct; (2) that Defendants' adverse action caused him to suffer an injury that would likely chill a person of ordinary fitness from continuing to engage in that conduct; and (3) that the adverse action was motivated, at least in part, as a response to his exercise of constitutional rights. *King v. Zamiara,* 680 F.3d 686, 694 (6thCir. 2012); *Lucas v. Monroe County,* 203 F.3d 964, 973 (6th Cir. 2000).

Defendants do not argue that Plaintiff cannot establish this *prima facie* case. Defendants argue that they have articulated a legitimate, nondiscriminatory reason for its actions and that Plaintiff cannot carry his burden of showing that Defendants' reason is pretextual. Defendants state that Plaintiff was fired for violating Standard Operation Procedure ("SOP") 617 for sexual harassment behavior.

Plaintiff contends that Defendant Arnold's wife confronted Plaintiff at a local health club and asked whether Plaintiff was going to run for sheriff against her husband. Plaintiff claims he responded that there could be some truth to that and Mrs. Arnold seemed angry. Plaintiff states that he told the sheriff's wife some of his concerns, including the spending and budget of the Sheriff's Department and other policies of the current Sheriff, including employment policies.

The parties differ significantly in their descriptions of the other meetings which led to Plaintiff's firing. Defendants characterize the meetings as focused on Plaintiff's job performance; Plaintiff describes the meetings as "about politics." Plaintiff explains that he discussed matters of public concern with Defendant Sheriff Arnold in his private office on May 13 and May 14, 2013, and that Captain Hailey spoke to Plaintiff about the political conversations he was having, including his interest in running for sheriff.

Defendants argue that, during one such meeting, Plaintiff accused Captain Hailey of having improper sexual relationships with two women employees. Plaintiff contends this meeting was a "heart-to-heart," "man-to-man" meeting during which the two men spoke openly and freely. Plaintiff claims that Defendants have admitted that Hailey wanted to hear criticism and wanted Plaintiff to be open and frank with him. Plaintiff argues that Captain Hailey questioned and "pushed" Plaintiff to tell him what others thought about him. Plaintiff contends he never "accused" the Captain of anything, but rather told him he (Plaintiff) had heard some things, which the Captain admitted he had heard as well. Captain Hailey submits that, following the meeting, he felt uncomfortable and decided to report the conversation to his supervisor; Plaintiff points out that Hailey testified he did not believe Plaintiff was insubordinate or that Plaintiff had made inappropriate statements. Defendants say Plaintiff was spreading sexual rumors; Plaintiff strongly denies this allegation.

Major Sharp, Hailey's supervisor, initiated an investigation into the sexual allegations and rumors situation. Plaintiff argues there was no sexual allegations and rumors situation. Plaintiff maintains that he mentioned these things only once, at Hailey's insistence in a private meeting, and no one filed any sexual harassment or discrimination complaint against Plaintiff. Plaintiff also points out that Major Sharp testified that Plaintiff was never investigated for violating SOP 617, sexual harassment behavior.

With all the factual disputes concerning what exactly happened, the Court finds that summary judgment is not appropriate. The facts which Plaintiff alleges show pretext are disputed by Defendants, and the facts which Defendants allege support their legitimate, nondiscriminatory reason are disputed by Plaintiff.

Whether Plaintiff's statements were made pursuant to his official responsibilities or not (*Garcetti v. Ceballos*, 547 U.S. 410 (2006)) involves questions of fact. Moreover, whether it was reasonable for Defendants to believe Plaintiff had engaged in sexually harassing behavior and whether Defendants' motivations in firing Plaintiff included retaliation raise genuine issues of material fact which preclude summary judgment. The jury will have to judge the credibility of the witnesses and determine which version(s) of the facts to believe.

### PUBLIC EMPLOYEE POLITICAL FREEDOM ACT

Neither side has briefed the issue of Plaintiff's Public Employee Political Freedom Act claim. To the extent Defendants intended to include it in their Motion for Summary Judgment, that portion of the Motion is also DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE